UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>DAVID HOMAN,<br><br>        Defendant. | No. 2:14-cr-0213-GEB<br><br>**ORDER DENYING DEFENDANT'S SEALING REQUEST** |

On June 2, 2016, the day before Defendant David Homan's scheduled sentencing hearing, Defendant filed on the public docket a "MOTION TO (1) FILE UNDER SEAL (FULL AND PARTIAL REQUESTS), (2) TO EXCLUDE THE PUBLIC DURING PART OF THE SEALING MOTION/PLEA/SENTENCING HEARING, AND (3) TO CREATE A MASTER SEALED EVENT". The motion disregards this district's Local Rule 141(b); and even though Defendant elected to file all contents of the motion on the public docket, Defendant appears to ask the Court in the motion to make secret what he has elected to make public.

Defendant has not shown in his motion that he has satisfied "both the procedural and substantive [sealing, secrecy, and/or closure] requirements of the first amendment." <u>Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Oregon</u>, 920 F.2d 1462, 1466 (9th Cir. 1990). The Ninth Circuit explains in <u>Oregonian</u>:

    We have articulated a two-part test to

1

> determine whether the procedural prerequisites to an order closing a criminal proceeding have been met: (1) those excluded from the proceeding must be afforded a reasonable opportunity to state their objections; and (2) the reasons supporting closure must be articulated in findings. An order of closure should include a discussion of the interests at stake, the applicable constitutional principles and the reasons for rejecting alternatives, if any, to closure . . . . The Supreme Court has made clear that criminal proceedings and documents may be closed to the public without violating the first amendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest. The court must not base its decision on conclusory assertions alone, but must make specific factual findings.

Id.

Further, Oregonian makes pellucid: "It is the burden of the party seeking closure . . . to present facts supporting closure and to demonstrate that available alternatives will not protect his rights." Id. at 1467. It is obvious that Defendant has not afforded the public a reasonable opportunity to state their objections to the secrecy he seeks. The public notice concerning a sealing request "must be docketed sufficiently in advance of a hearing on such [request] to permit intervention by interested members of the public." In re Herald Co., 734 F.2d 93, 102 (2d Cir. 1984); accord Wash. Post v. Robinson, 935 F.2d 282, 288-89 (D.C. Cir. 1991) (stating "notice of [a motion to seal] must be entered [o]n the public docket").

> These procedural . . . safeguards . . . are not mere punctilios, to be observed when convenient. They provide the essential, indeed only, means by which the public's

> voice can be heard. All too often, parties to the litigation are either indifferent or antipathetic to disclosure requests. This is to be expected: it is not their charge to represent the rights of others. However, balancing interests cannot be performed in a vacuum. Thus, providing the public notice and an opportunity to be heard ensures that the trial court will have a true opportunity to weigh the legitimate concerns of all those affected by a closure decision.

Phx. Newspapers, Inc. v. U.S. Dist. Court, 156 F.3d 940, 951 (9th Cir. 1998).

Therefore, this is only closure issue reached, and on this ground alone the motion is denied.

Dated:   June 3, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge